# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HANDEL d/b/a/ LAW OFFICES OF SUSAN HANDEL,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ELIZABETH RAE RHOE,<br><br>　　　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. 14-cv-1930-BAS(JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER, AMENDED COUNTERCLAIM, AND CROSS-CLAIMS**<br><br>**[ECF No. 30]** |

　　　　On July 21, 2014, Plaintiff Susan Handel d/b/a Law Offices of Susan Handel commenced this declaratory-relief action against Defendant Elizabeth Rae Rhoe in the San Diego Superior Court related to payment for legal services. Thereafter, Defendant removed this action to federal court and answered with several counterclaims. Defendant now moves for leave to file an amended answer, amended counterclaim, and cross-claims ("amended response") under Federal Rule of Civil Procedure 15(a). Plaintiff opposes.

　　　　The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion.

## I. BACKGROUND

On June 25, 2010, Defendant was injured in an automobile collision in La Paz County, Arizona, which resulted in a lawsuit in the Stanislaus Superior Court, *Rhoe v. Sandhu*, Case No. 672661. (Compl. ¶ 4; *see also* Countercl. ¶ 7.) Shortly thereafter, Defendant and Plaintiff entered into a written retainer agreement in San Diego County in which Plaintiff "agreed to provide professional [legal] services to defendant RHOE regarding injuries sustained in an automobile accident." (Compl. ¶ 5; Countercl. ¶ 8.)

On April 21, 2014, Plaintiff communicated to Defendant an offer to settle the *Sandhu* action for $100,000. (Compl. ¶ 6.) Defendant was given 24 hours "to think about" whether to accept the offer, with the expiration of the offer being April 22, 2014 at 5:00 p.m. PST. (*Id.* ¶ 7.)

Plaintiff alleges that Defendant "discharged plaintiff approximately 90 minutes before the expiration of said deadline to accept the settlement offer; further, that approximately 15 minutes after defendant RHOE discharged plaintiff, defendant RHOE then accepted the settlement offer[.]" (Compl. ¶ 8.) After "discharging Plaintiff and accepting the settlement offer, defendant RHOE substituted herself as her own attorney '*in pro per*'" in the *Sandhu* action. (*Id.*) These circumstances culminated in a dispute "regarding the reasonable value of the services performed under the contract and the amounts to be paid to plaintiff for attorney fees and costs." (*Id.* ¶¶ 10–12.) This dispute is central to Plaintiff's complaint.

Defendant adds details surrounding the dissociation in her counterclaim, alleging Plaintiff "made false representations of various costs and legal expenses" and "concealed material information." (Countercl. ¶ 9.) Some of the alleged false representations include, among others, Plaintiff's representations that Defendant was "a bad witness for herself" and "exaggerating her injuries," and that Defendant's "$19,000 lost wages were not recoverable." (*Id.*) Defendant asserts four causes of action against Plaintiff in her counterclaim, including professional negligence and

fraud.

In moving for leave to file an amended answer, amended counterclaim, and cross-claims, Defendant seeks to add attorneys Kenneth M. Sigelman and John Machado, who are or were associated with Plaintiff, as "necessary parties." She also seeks leave to add an additional affirmative defense through the amended answer and several additional causes of action through the amended counterclaim. Plaintiff filed an opposition to the motion, but Defendant did not file a reply in support of her motion.

## II.   LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent

prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

After a scheduling order has been issued setting a deadline to amend the pleadings, and a party moves to amend the pleadings after the deadline, the motion amounts to one to amend the scheduling order and thus is properly brought under Rule 16(b) of the Federal Rules of Civil Procedure rather than Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson*, 975 F.2d at 607 (citation omitted). If good cause is shown, the court proceeds to consider the requirements of Rule 15(a). *Id.* at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), for its explication of this order of operations); *see also C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1192 (C.D. Cal. 2009).

## III.   DISCUSSION

Under the good-cause standard of Rule 16(b)(4), the court's primary focus is on the movant's diligence in seeking the amendment. *Johnson*, 975 F.2d at 609. "Good cause" exists if a party can demonstrate that the scheduling order could not or "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the [Rule 16] inquiry is upon the moving party's reasons for seeking modification." *Id.* (citations omitted). The party seeking to continue or extend the deadlines bears the burden of demonstrating good cause. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 608-09.

In addressing the diligence requirement, one district court in the Ninth Circuit noted:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). If the district court finds a lack of diligence, "the inquiry should end." *Johnson*, 975 F.2d at 609. If, however, the movant clears the Rule 16 bar, the Court proceeds to consider the motion under the usual standard of Rule 15. *Campion v. Old Republic Home Prot. Co., Inc.*, 861 F. Supp. 2d 1139, 1150 (S.D. Cal. 2012).

According to the March 4, 2015 Scheduling Order, the parties had until May 1, 2015 to file any motion to join other parties, amend the pleadings, or file additional pleadings. (Scheduling Order ¶ 2.) On April 30, 2015, Defendant filed the amended answer, amended counterclaim, and cross-claim without first obtaining leave of the Court. (ECF No. 23.) The amended response was stricken for untimeliness under Rule 15(a)(1). (ECF No. 29.) Defendant subsequently filed her motion for leave to file the amended answer, amended counterclaim, and cross-claims on May 28, 2015 (ECF No. 27), well after the motion-cutoff date from the scheduling order.

In her motion, Defendant argues that Plaintiff would not be prejudiced and that Mr. Sigelman and Mr. Machado are necessary parties under Rules 19 and 20. (Def.'s Mot. 3:18–4:18.) Though Defendant does not address good cause or diligence under Rule 16(b) in her motion, the supporting declaration of her current counsel, Bill Clark, provides some explanation of the chain of events leading to the missed filing

deadline.[1]  Mr. Clark explains that he filed the amended response "by mistake because of a clerical and transcription error" with the mistaken understanding that the scheduling order "had already granted [him] authority to file these Pleadings and that no other authorization was required." (Clark Decl. ¶¶ 3–7.)  Mr. Clark asserts that he acted in good faith, and admirably admits that he was "was clearly wrong." (*Id.* ¶¶ 10–11.)

To begin, a court may deny as untimely a motion for leave to amend after a scheduling order deadline has passed, simply because the party seeking an extension of time did not request a modification of the scheduling order as well.  *See Johnson*, 975 F.2d at 608.  Given that Defendant failed to move to amend the scheduling order, that would be adequate grounds to deny Defendant's request for leave to amend.  *See id.*

Considering the circumstances that led to the missed filing deadline, there certainly is ample support to conclude Defendant's counsel was careless.  Mr. Clark uses words such as "mistake," "missed," and "forgot" when explaining the circumstances leading to the missed filing deadline.  (Clark Decl. ¶¶ 3, 6, 10–11.) Discussing the mistake in further detail, Mr. Clark describes a "clerical and transcription error" when he recorded the scheduling-order deadline as "DEADLINE for filing all pleadings is May 1, 2015." (*Id.* ¶ 4.)  The portion of the scheduling order that Defendant's counsel incorrectly transcribed reads as follows: "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **May 1, 2015**." (Scheduling Order ¶ 2 (emphasis in original).)  The scheduling order's language is clear that "any *motion* . . . to amend the pleadings" is what the deadline is for.  (*See id.* (emphasis added).)  Mr. Clark's mistake may be simple in nature, but it is ultimately one that could be described as deriving from carelessness.  However, it is this Court's belief that the mistake derives more

---

[1] Defendant chose not to file a reply in support of her motion, which presumably would have been an opportune time to address good cause and diligence under Rule 16(b).

accurately from incompetence, as opposed to lack of diligence.

Misreading or incorrectly transcribing a provision of the scheduling order is not the only factor indicating incompetence. Rule 15(a) permits amendment of pleadings as a matter of course in limited circumstances. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Defendant first attempted to file her amended answer, amended counterclaim, and cross-claim on April 28, 2015. The entries on the docket immediately preceding this first attempt are two court orders, one of which is the scheduling order, dated March 4, 2015. (ECF Nos. 18, 19.) And the filing she now seeks to amend was filed on August 22, 2014. (ECF No. 2.) In other words, under Rule 15(a), Defendant did not have the right as a matter of procedure to file the amended pleading at the time she first attempted to file it. *See* Fed. R. Civ. P. 15(a). As a litigant before this Court, Defendant and her counsel are expected to know and follow the Federal Rules of Civil Procedure. *See* Standing Order for Civil Cases. But Mr. Clark failed to do so. He failed to recognize that Defendant lacked the procedural right to file an amended pleading at the time without leave of the Court even though he should have been aware of the limitations of Rule 15(a)(1)'s right to amend as a matter of course.

With great reservations, the Court finds good cause under Rule 16(b). Defendant describes a diligent effort to follow the scheduling order; her counsel just failed to competently follow through.

Moving on to the Rule 15(a) factors, Plaintiff focuses on the fact that Defendant fails to justify why she failed to previously add the "necessary parties" while also arguing that permitting amendment will significantly delay this case and

prejudice Plaintiff.  (Pl.'s Opp'n 7:23-8:20.)  As the party opposing amendment, Plaintiff bears the burden of demonstrating that the Rule 15(a) factors weigh in her favor.  *See DCD Programs*, 833 F.2d at 186.  Given Rule 15(a)'s policy to "freely give leave when just so requires" with "extreme liberality," the Court, in its discretion, finds that Plaintiff fails to carry her burden under Rule 15(a).  *See Pisciotta*, 91 F.3d at 1331.

## IV.   CONCLUSION & ORDER

The Court cannot impress upon Defendant's counsel enough the importance and necessity to familiarize himself with not only the Federal Rules of Civil Procedure, but also this district's Civil Local Rules and Electronic Case Filing Administrative Policies & Procedures Manual in addition to this Court's Standing Order for Civil Cases.  Excluding the Federal Rules of Civil Procedure, all of the aforementioned rules and procedures are available on this district's website.

However, in its discretion, the Court **GRANTS** Defendant's motion for leave to file an amended answer, amended counterclaim, and cross-claims.  (ECF No. 30.)  Defendant must file the amended answer, amended counterclaim, and cross-claims on the docket no later than **October 20, 2015**.

**IT IS SO ORDERED.**

DATED:  October 16, 2015

Hon. Cynthia Bashant
United States District Judge